UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO.: 7:14-cv-00297-FL

| | |
|---|---|
| JENNIFER DIAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF PEMBROKE, )<br>)<br>Defendant. )<br>) | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the Parties Joint Motion for Consent Protective Order. The Court finds that good exists for issuance of this Order. Specifically, the parties have informed the Court that they intend to exchange sensitive and confidential information, including information and records of the Town of Pembroke employees, which is subject to the restrictions of N.C. Gen. Stat. § 160A-168 governing disclosure of the Town of Pembroke employee personnel files.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order: This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-168.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

1

a. All information and documents made confidential by N.C. Gen. Stat. § 160A-168;

b. Any documents or information which are contained in a personnel file maintained by any party;

c. Any documents or information of medical, financial or personal nature which are not generally accessible to the public; and

d. Any documents or information that any party has designated as confidential in the normal course of business.

2. Any party producing documents may designate the documents as Confidential Information by marking each page of the document "CONFIDENTIAL." Alternatively, when producing a multi-page document, all of which it contends is Confidential Information, a party may designate the entire document as Confidential Information by marking the cover page "CONFIDENTIAL." The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

3. Certain information disclosed at the deposition of any witness, including any party, may be designated as Confidential Information by indicating on the record at the deposition that the specific testimony is Confidential Information subject to the provisions of this Order. Alternatively, a party or witness may designate information disclosed at such deposition as Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the transcript which are deemed Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as Confidential Information for a period of thirty (30)

days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties.

    4.    The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

    a. Any party to this action;

    b. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in preparation of this action;

    c. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

    d. Subject to the provision of ¶ 5 below, independent experts employed by counsel for the purpose of assisting in this action;

    e. The court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

    f. Subject to ¶ 5 below, any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under the paragraph until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure by the court;

    g. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

3

Case 7:14-cv-00297-FL   Document 25   Filed 04/23/15   Page 3 of 8

5. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

    a. Any person described in subparagraphs 3(a), (b), (c), (e), and (g) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

    b. Prior to making disclosures to any person set forth in subparagraph 4(d) and (f) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained; provided, however, the disclosing party shall have no obligation to disclose such records to the opposing party or any other person unless ordered to do so by the Court. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable, but excluding any materials which in good faith judgment of counsel are work product materials. Counsel shall be

4

permitted to maintain a file copy of all the documents subject to the terms of this Order.

6. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

7. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

8. If any such confidential documents or information are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

10. The inadvertent, unintentional or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

13. Disclosure and inspection of personnel files of Defendant's employees which are produced in the course of discovery in this matter, when designated as CONFIDENTIAL pursuant to this Order, shall be deemed to be in accordance with an order of a court pursuant to with N.C. Gen. Stat. § 160A-168.

14. Each time a party seeks to file under seal documents containing CONFIDENTIAL INFORMATION, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is

6

Case 7:14-cv-00297-FL   Document 25   Filed 04/23/15   Page 6 of 8

consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

    IT IS SO ORDERED.

So ordered this the 23rd day of April, 2015.

                                                  LOUISE W. FLANAGAN
                                                  UNITED STATES DISTRICT COURT JUDGE

WE CONSENT:

| /s/ MARIO M. WHITE | /s/ BENTON L. TOUPS |
|---|---|
| Mario M. White | Benton L. Toups |
| Attorney At Law | Cranfill Sumner & Hartzog LLP |
| 209 Morrisey Blvd | 319 N. 3rd Street, Ste 300 |
| P.O. Box 957 | Wilmington, NC 28401 |
| Clinton, NC 28329 | *Attorney for Defendant* |
| *Attorney for Plaintiff* | |

**EXHIBIT A**

**Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Eastern District of North Carolina.**

      The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2015, in the Civil Action No. 7:14-cv-00297 entitled Jennifer Dial v. Town of Pembroke. The Town of Pembroke understands the terms thereof, and agree to be bound by such terms. The undersigned hereby acknowledges that he is subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina with regard to this Protective Order and understand (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,
This _____ day of _____, 2015.

_____
NOTARY PUBLIC

My commission expires:_____